IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. _____ |
| vs. ) | |
| ) | JURY TRIAL DEMANDED |
| CITY OF BYRNES MILL, MISSOURI, ) | |
| ) | |
| SUSAN GIBSON, Mayor of the City of ) | |
| Byrnes Mill, Missouri, ) | |
| ) | |
| and ) | |
| ) | |
| LARRY PERNEY, City Administrator of ) | |
| Byrnes Mill, Missouri, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff, Michael Smith, by and through his attorneys, Stephen M. Ryals and Steven J. Gunn of The Ryals Law Firm, P.C., in St. Louis, Missouri, and for his Complaint against Defendants, City of Byrnes Mill, Missouri, Susan Gibson, Mayor of City of Byrnes Mill, Missouri, and Larry Perney, City Administrator of City of Bryrnes Mill, Missouri, avers as follows:

## PARTIES

1. Plaintiff Michael Smith (hereafter "Plaintiff") is a natural person who resides and, at all times relevant to this action, resided at 8319 May Drive, Cedar Hill, Missouri 63016.

2. Defendant City of Byrnes Mill (hereafter "Defendant City") is a municipal corporation, a City of the Fourth Class, organized and existing in accordance with the laws of the

State of Missouri, which conducts business in the State of Missouri in an office building located at 127 Osage Executive Circle, Byrnes Mill, Missouri 63051.

3. Defendant Susan Gibson (hereafter "Defendant Mayor") is and was, at all times relevant to this action, the Mayor of the City of Byrnes Mill, Missouri. She is sued in her individual and official capacities.

4. Defendant Larry Perney (hereafter "Defendant City Administrator") is and was, at all times relevant to this action, the City Administrator of the City of Byrnes Mill, Missouri. He is sued in his individual and official capacities.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over Plaintiff's 42 U.S.C. § 1983 claims for deprivation of liberty without due process of law and First Amendment retaliation under 28 U.S.C. § 1331.

6. This Court has jurisdiction over Plaintiff's Missouri common law claim for wrongful discharge in violation of public policy under 28 U.S.C. § 1367, which provides for supplemental jurisdiction over all other claims that are so related to Plaintiff's claim under 42 U.S.C. § 1983, that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in Eastern Division of the U.S. District Court for the Eastern District of Missouri under 28 U.S.C. § 1391(a)(2) because the acts complained of occurred in this District and because Plaintiff and all Defendants are present in this District.

## FACTS COMMON TO ALL COUNTS

8. Plaintiff was an at-will employee with Defendant City from on or about April 2008 through March 11, 2014, where he was employed as a police officer (including road officer, road corporal, and lieutenant) and interim chief of police.

9. Plaintiff served as interim chief of police for Defendant City from October 2012 until June 2013 and again from August 2013 until March 11, 2014, when he was terminated and discharged by Defendant City.

10. During his tenure as interim chief of police, Plaintiff became aware of, and investigated, conduct on the part of one or more employees or public officials within Defendant City that Plaintiff believed was unlawful and in violation of public policy, including without limitation the following:

    a. Defendant City Administrator "fixed" or caused to be "fixed" one or more traffic citations issued by police officers of Defendant City to one or more individuals who committed traffic infractions within the city limits of Defendant City;

    b. One or more officers or employees of Defendant City falsified and forged entries in the court files of the City of Byrnes Mill Municipal Court, including entries purporting to "nolle prosequi" (decline to prosecute) cases in the court, including one or more cases that had already been prosecuted and in which the court had already entered judgment on a guilty plea by the defendant and ordered the payment of fines and court costs; falsifying, forging, or otherwise tampering with a public record is a class A misdemeanor in violation of Section 575.110 of Revised Statutes of Missouri;

3

  c. Defendant City Administrator directed Plaintiff and his subordinate police officers not to investigate, make arrests, or issue citations or summonses for drug-related offenses within the city limits of Defendant City;

  d. Defendant City Administrator directed Plaintiff and his subordinate police officers not to search motor vehicles for marijuana within the city limits of Defendant City, even if the officers had probable cause to believe there was marijuana present in the vehicles;

  e. Defendant City Administrator directed Plaintiff and his subordinate police officers not to conduct sobriety checkpoints or safety checks within the city limits of Defendant City;

  f. Defendant City Administrator directed police officers of Defendant City not to issue citations to one or more individuals even if the officers observed the individual or individuals violating the law; and

  g. Defendant City Administrator directed Plaintiff and subordinate police officers to reach and maintain a minimum traffic ticket quota of 250 to 270 traffic tickets per month.

11. On or about February 18, 2014, Plaintiff reported some or all of the conduct set forth in Paragraph 10 of this Complaint to Robert Prado, a member of the Board of Aldermen of Defendant City.

12. On or about February 27, 2014, and on other dates, Plaintiff reported some or all of the conduct set forth in Paragraph 10 of this Complaint to Defendant City Administrator Perney.

13. On or about March 4, 2014, Plaintiff reported some or all of the conduct set forth in Paragraph 10 of this Complaint to Sharon Ippolito, a member of the Board of Aldermen of Defendant City.

14. On or about March 5, 2014, Plaintiff reported some or all of the conduct set forth in Paragraph 10 of this Complaint to Defendant Mayor.

15. On or about March 10, 2014, Plaintiff reported some or all of the conduct set forth in Paragraph 10 of this Complaint to Robert Sweeney, City Attorney for Defendant City, and Defendant Mayor.

16. On or about March 10, 2014, at the office of City Attorney Bob Sweeney, Mayor Susan Gibson informed Plaintiff that it was improper for him to investigate Defendant City Administrator Perney or to speak with Board Members Prado and Ippolito. Defendant Mayor informed Plaintiff that he was suspended with pay until further notice and that she would accept his letter of resignation.

17. Plaintiff informed Defendant Mayor that he would not resign.

18. Thereafter, Defendant Mayor and Defendant City Administrator, acting individually and on behalf of Defendant City, informed the police officers of Defendant City that Plaintiff was "out of control" and that they could not contact Plaintiff in any way.

19. On or about March 10, 2014, Plaintiff reported some or all of the conduct set forth in Paragraph 10 of this Complaint to Mike Riveta, Prosecutor for Jefferson County.

20. Defendants were aware that Plaintiff reported some or all of the conduct set forth in Paragraph 10 of this Complaint to Board Members Prado and Ippolito, Defendant City Administrator, Defendant Mayor, City Attorney Sweeney and County Prosecutor Riveta.

21. On or about March 11, 2014, the Board of Aldermen of Defendant City voted to terminate Plaintiff's employment with Defendant City, effective immediately.

22. On or about March 12, 2014, Defendant Mayor sent a letter to Plaintiff informing him of the same.

23. In connection with the termination of Plaintiff's employment, Defendant Mayor reported to the Jefferson County Leader, a local newspaper, that Plaintiff was hired on a probationary basis with a review to be given at six months.

24. Defendant Mayor, acting individually and on behalf of Defendant City, made the following public statement to the Jefferson County Leader, which the Jefferson County Leader published in its March 20, 2014, edition of the newspaper: "While we were in the process of that [six month] review, he [Plaintiff Michael Smith] learned that (City Administrator) Larry Perney and I were not recommending him to be promoted to chief of police. After that, he made a series of decisions and took a course of actions that led to his termination."

25. As a result of Defendant Mayor's statements, made on her behalf and on behalf of Defendant City, Plaintiff has suffered damage to his reputation, good name, honor and integrity.

26. Defendant Mayor and Defendant City Administrator actively participated in the decisions to suspend, terminate, and discharge Plaintiff and conspired with one another and with Defendant City to effectuate Plaintiff's suspension, termination, and arrest.

27. As a result of Defendants' actions, Plaintiff was suspended from his employment on March 10, 2014, and terminated and discharged from his employment on March 11, 2014.

28. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer from a loss of employment, substantial losses in earnings, injury to

6

professional reputation, mental anguish, emotional distress, humiliation, anxiety, severe emotional distress, worry, and fear.

## COUNT I:

### DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT, COGNIZABLE UNDER 42 U.S.C. § 1983

29. For Plaintiff's Cause of Action against Defendants for deprivation of property without due process of law in violation of the Fourteenth Amendment, Plaintiff incorporates by reference herein and makes a part hereof each and every allegation of Paragraphs 1 through 28, above.

30. Defaming a governmental employee's reputation, good name, honor, or integrity in connection with terminating the employee, without giving the employee a name-clearing hearing, is a deprivation of the employee's constitutionally protected liberty interest. *Brown v. Simmons*, 478 F.3d 922, 923 (8th Cir. 2007). *Cf. Paul v. Davis*, 424 U.S. 693 (1976).

31. Defendant Mayor, in her individual capacity and on behalf of Defendant City, made defamatory statements about Plaintiff that resulted in a stigma of his reputation, good name, honor, and integrity.

32. The defamatory statements were made in connection with the termination of Plaintiff's position as interim chief of police.

33. The defamatory statements were made public through publication in the local newspaper, the Jefferson County Leader, and by publication to Plaintiff's former subordinate police officers and colleagues.

34. The termination of Plaintiff's position was an extinguishment of his right or legal status.

35. Plaintiff was not afforded a name-clearing hearing.

7

36. Defendants have caused economic and other harm to Plaintiff by depriving him of the substantive use and enjoyment of his liberty interests by imposing and inflicting on him a "stigma plus" deprivation of his due process rights.

37. Plaintiff was thereby damaged through his lost past wages, benefits, pain and suffering, mental anguish, and the intentional acts which resulted in emotional injury, pain and suffering upon the Plaintiff, Defendants should thereby be subject to punitive damages and lost future wages.

WHEREFORE, Plaintiff prays for judgment against Defendants, for compensatory damages in an amount that is fair and reasonable (including actual, consequential, and incidental damages, past, present, and future), punitive damages (against Defendant Mayor and Defendant City Administrator), plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances, pursuant to 42 U.S.C. §§ 1983 and 1988.

### COUNT II:

### DEPRIVATION OF THE RIGHT TO FREE SPEECH THROUGH RETALIATION IN VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS, COGNIZABLE UNDER 42 U.S.C. § 1983

38. For Plaintiff's Cause of Action against Defendants for First Amendment retaliation by Defendants, Plaintiff incorporates by reference herein and makes a part hereof each and every allegation of Paragraphs 1 through 37.

39. Plaintiff's rights under the First and Fourteenth Amendments were violated when Defendants took adverse employment action against Plaintiff, including without limitation suspending Plaintiff with pay on March 10, 2014, and terminating and discharging Plaintiff on March 11, 2014.

40.     Plaintiff engaged in one or more acts of speech protected by the First and Fourteenth Amendments by addressing matters of public concern.

41.     In response to these acts of speech, Defendants terminated Plaintiff's position.

42.     Plaintiff's acts of speech were substantial or motivating factors in Defendants' decision to terminate Plaintiff's position.

43.     Plaintiff's First Amendment right to address matters of public concern outweigh whatever interests Defendants may have had in suppressing Plaintiff's speech.

44.     Plaintiff was thereby damaged through his lost past wages, benefits, pain and suffering, mental anguish, and the intentional acts which resulted in emotional injury, pain and suffering upon the Plaintiff, Defendants should thereby be subject to punitive damages and lost future wages.

WHEREFORE, Plaintiff prays for judgment against Defendants, for compensatory damages in an amount that is fair and reasonable (including actual, consequential, and incidental damages, past, present, and future), punitive damages (against Defendant Mayor and Defendant City Administrator), plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances, pursuant to 42 U.S.C. §§ 1983 and 1988.

## COUNT III:

## WRONGFUL TERMINATION IN VIOLATION OF WHISTLEBLOWER PUBLIC POLICY EXCEPTION TO THE EMPLOYMENT-AT-WILL DOCTRINE, COGNIZABLE UNDER MISSOURI COMMON LAW

45.     For Plaintiff's Cause of Action against Defendants for wrongful discharge in violation of the Whistleblower Public Policy Exception to the Employment-At-Will Doctrine, Plaintiff incorporates by reference herein and makes a part hereof each and every allegation of Paragraphs 1 through 44.

9

46. This action is brought by Plaintiff against Defendant City for its retaliation against Plaintiff through adverse employment actions, including Defendant City's constructive discharge and termination of Plaintiff, in violation of strong public policy interests, for Plaintiff's exercise of his right to free speech in reporting Defendant's violations of law.

47. Plaintiff's reporting of wrongdoing and/or violations of law by Defendant's employees were a contributing factor in Defendant's decision to terminate Plaintiff's employment.

48. Defendant's discharge of Plaintiff's employment was wrongful, tortious and in violation of Missouri law and public policy.

49. The aforesaid acts of Defendants constituted an unlawful retaliation for the Plaintiff's reporting wrongdoing and violations of Missouri State Laws, Missouri Constitution, and public policy through Plaintiff's exercise of free speech.

50. Plaintiff's reporting of wrongdoing to the Defendant Mayor, City Attorney Bob Sweeney, and Jefferson County Prosecutor Mike Riveta resulted in the wrongful, constructive discharge and termination of the Plaintiff.

51. Plaintiff was thereby damaged through his lost past wages, benefits, pain and suffering, mental anguish, and the intentional acts which resulted in emotional injury, pain and suffering upon the Plaintiff, Defendants should thereby be subject to punitive damages and lost future wages.

WHEREFORE, Plaintiff prays that the Court will, after trial by jury, enter judgment in favor of Plaintiff and against Defendants, and enter an award for Plaintiff with full wages and benefits, award Plaintiff his back pay, front pay and compensation for all past and future lost wages and benefits, award such other amounts to make Plaintiff whole for the harm caused,

10

including compensatory damages for emotional distress and other injuries as permitted by law (including actual, consequential, and incidental damages, past, present, and future), punitive damages, award Plaintiff his reasonable attorney's fees and costs herein, prejudgment interest on the entire verdict in accordance with law, and order, decree and adjudge such other relief, including equitable relief, including reinstatement in the alternative to future wages and benefits, and training for Defendant City to prevent similar actions against other employees by Defendant City, and any other relief in favor of Plaintiff and against Defendants as this Court deems just and proper.

Dated: July 8, 2014

Respectfully submitted,

**THE RYALS LAW FIRM, P.C.**

  /s/ Stephen M. Ryals
Stephen M. Ryals MBE 34149
Steven J. Gunn  MBE 57049
The Ryals Law Firm, P.C.
16640 Chesterfield Grove Road, Suite 100
Chesterfield, MO 63005
Telephone: (314) 862-6262
Facsimile: (636) 536-6062
Email: ryals@rblawstl.com
Email: gunn@rblawstl.com

*Attorneys for Plaintiff Michael Smith*