UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL SMITH, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:14-cv-1220-SPM |
| CITY OF BYRNES MILL, MO. et al, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss filed by Defendant City of Byrnes Mill, Missouri (the "City"); Susan Gibson, the Mayor of the City of Byrnes Mill ("Defendant Gibson"); and Larry Perney, the City Administrator of the City of Byrnes Mill ("Defendant Perney") (collectively, "Defendants"). (Doc. 32). The motion has been fully briefed, and the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636. (Doc. 19). For the reasons stated below, the Court will deny Defendants' motion in part and grant it in part.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was an at-will employee of the City from April 2008 through March 11, 2014, where he was employed as a police officer and interim chief of police. He served as interim chief of police from October 2012 until June 2013, and again from August 2013 until March 11, 2014. While Plaintiff was serving as interim chief of police, Plaintiff became aware of conduct on the part of one or more City employees or public officials, including Defendant Perney (the City Administrator), that Plaintiff believed was unlawful and in violation of public policy. Specifically, Plaintiff learned that Defendant Perney "fixed" traffic citations, directed officers

not to make arrests or issue citations for drug-related offenses, directed officers not to search vehicles for marijuana, directed officers not to conduct sobriety checks, directed officers not to issue citations to one or more individuals even if officers observed the individuals violating the law, and directed officers to maintain a minimum quota of traffic tickets.

On several occasions between February 18, 2014, and March 10, 2014, Plaintiff reported this conduct to a member of the Board of Aldermen of the City, the City Attorney, the prosecutor for Jefferson County, Defendant Gibson (the mayor), and Defendant Perney. On March 10, 2014, Defendant Gibson informed Plaintiff that it was improper for him to investigate the City Attorney or to speak with members of the Board of Alderman. She informed Plaintiff that he was suspended without pay until further notice and told him she would accept his letter of resignation. Plaintiff informed Defendant Gibson that he would not resign. Thereafter, Defendants Perney and Gibson informed City police officers that Plaintiff was "out of control" and that they could not contact him. Defendants Perney and Gibson were aware that Plaintiff had reported the conduct to members of the Board of Alderman, the City Attorney, and the county prosecutor.

On March 11, 2014, the Board of Aldermen of the City voted to terminate Plaintiff's employment with the City, effective immediately. On March 12, 2014, Defendant Gibson sent Plaintiff a letter informing him of the termination. Thereafter, Defendant Gibson reported to a local newspaper that Plaintiff had been hired on a probationary basis with a review to be given at six months, that he was not being recommended for promotion to chief of police, and that he then made a series of decisions that led to his termination. On April 7, 2014, a member of the City's Board of Aldermen posted a statement on a public forum stating that the chief of police

had been fired due to a federal investigation. Plaintiff alleges that he has suffered damage to his reputation, good name, honor, and integrity as a result of these statements.

In his Second Amended Complaint, Plaintiff asserts two counts against Defendants: (I) Deprivation of the Right to Free Speech Through Retaliation in Violation of the First and Fourteenth Amendments under 42 U.S.C. § 1983; and (II) Breach of Contract for Suspension and Termination of Employment in Violation of the Implied Covenant of Good Faith and Fair Dealing, Missouri Public Policy, and Law, under Missouri common law. In Count II, which is at issue in the instant motion, Plaintiff alleges that he had an employment contract with the City, that the employment contract contained an implied covenant of good faith and fair dealing, and that the employment contract contained an implied covenant not to terminate Plaintiff in violation of public policy or law. Plaintiff alleges that the City breached these implied covenants by suspending, terminating, and discharging him in response to his acts of free speech on matters of public concern and in response to his reporting of Defendants' wrongdoing and violations of law. Defendants now move to dismiss Count II under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## II. LEGAL STANDARD

When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the factual allegations in the complaint, but it need not accept legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S., at 556).

**III.** **DISCUSSION**

In the instant motion, Defendants argue that Count II, Plaintiff's claim for breach of contract based his suspension and discharge, should be dismissed for failure to state a claim under Missouri law. First, Defendants argue that the Plaintiff has not stated a claim against any of the Defendants, because Missouri does not recognize a breach of contract claim based on the implied covenant of good faith and fair dealing for an at-will employee who was wrongfully discharged. Second, Defendants argue that Plaintiff has not stated a claim against Defendants Perney and Gibson because they were not parties to Plaintiff's employment contract with the City of Byrnes Mill.

**A. Plaintiff Has Stated a Claim for Breach of Contract Against the City in Count II**

The parties agree that Missouri substantive law governs this diversity action. Thus, this Court is "bound by the decisions of the Supreme Court of Missouri." *Dannix Painting, LLC v. Sherwin-Williams Co.*, 732 F.3d 902, 905 (8th Cir. 2013) (quotation marks omitted)). If the Supreme Court of Missouri has not addressed an issue, this Court must predict how it would rule, and this Court "follow[s] decisions from the intermediate state courts when they are the best evidence of Missouri law." *Id.*

The general rule in Missouri is that "an employer may discharge an at-will employee for any reason or for no reason without liability for wrongful discharge." *Taylor v. St. Louis Cty. Bd. of Election Comm'rs*, 625 F.3d 1025, 1027 (8th Cir. 2010) (citing *Sivigliano v. Harrah's N. Kan. City Corp.*, 188 S.W.3d 46, 48 (Mo. Ct. App. 2006)); *see also Fleshner v. Pepose Vision Inst., P.C.*, 304 S.W.3d 81, 91 (2010). However, the Missouri Supreme Court has recognized a

4

"public-policy exception to the at-will employment doctrine" for employees who are terminated for refusing to violate the law or for reporting wrongdoing. *Fleshner*, 304 S.W.3d at 92. "An at-will employee may not be terminated (1) for refusing to violate the law or any well-established and clear mandate of public policy as expressed in the constitution, statutes, regulations promulgated pursuant to statute, or rules created by a governmental body or (2) for reporting wrongdoing or violations of law to superiors or public authorities." *Id.* The Missouri Supreme Court noted that "[t]o find otherwise would allow employers to discharge employees, without consequence, for doing that which is beneficial to society." *Id.*

Missouri courts have generally treated the cause of action available to at-will employees discharged in violation of public policy as a tort. *See, e.g., id.* ("If an employer terminates an employee [for refusing to violate the law or for reporting wrongdoing], then the employee has a cause of action in tort for wrongful discharge based on the public-policy exception."). However, Missouri's sovereign immunity statute, which bars most tort claims against cities, precludes municipal employees like Plaintiff from bringing wrongful discharge tort claims against their former employers. *See Brooks v. City of Sugar Creek*, 340 S.W.3d 201, 205-07 (sovereign immunity barred a wrongful discharge tort claim brought by a police officer); *Bennartz v. City of Columbia*, 300 S.W.3d 251, 259-62 (Mo. Ct. App. 2009) (sovereign immunity barred a wrongful constructive discharge tort claim brought by a city employee who reported the actions of his supervisors). Missouri courts have noted that that places whistleblowing municipal employees in a "precarious position." *See, e.g.*, *Bennartz*, 300 S.W.3d at 262.

Sovereign immunity does not apply to claims for breach of contract, however. *Kunzie v. City of Olivette*, 184 S.W.3d 570, 575 (Mo. 2006). In *Kunzie*, the Missouri Supreme Court noted the possibility that an at-will municipal employee who was terminated in violation of public

5

policy "might" be able to bring a contract-based action, but it did not squarely address the question. In that case, an at-will municipal employee brought a claim of wrongful termination in violation of public policy against a city, and the city moved to dismiss the claim based on sovereign immunity. *Id.* at 571-73. The Missouri Supreme Court stated:

> Although wrongful discharge in this context might be based on a contractual relationship, [the plaintiff] has chosen to proceed in tort. As is, the Court will treat this only as a tort claim. There is no reason to consider whether an at-will employee's wrongful discharge claim against a municipality should be treated as a breach of contract claim.

*Id.* at 573. The Court has located no cases from Missouri's appellate courts addressing whether such a breach of contract action exists. Thus, the Court must review relevant related cases and predict whether the Missouri Supreme Court would find that it exists.

An at-will employment arrangement is considered a contractual relationship under Missouri law. *See Skinner v. Martiz, Inc.* 253 F.3d 337, 341 (8th Cir. 2001). "Missouri law implies a covenant of good faith and fair dealing in every contract." *Farmers' Elec. Coop., Inc. v. Mo. Dep't of Corrs.*, 977 S.W.2d 266, 271 (Mo. 1998). Under Missouri law, a claim for breach of the implied covenant of good faith and fair dealing is a contract action. *Koger v. Hartford Life Ins. Co.*, 28 S.W.3d 405, 413 (Mo. Ct. App. 2000). To establish a breach of the implied covenant of good faith and fair dealing, "the plaintiff has the burden to establish that the defendant 'exercised a judgment conferred by the express terms of the agreement in such a manner as to evade the spirit of the transaction or so as to deny [the plaintiff] the expected benefit of the contract.'" *Lucero v. Curators of the Univ. of Mo.*, 400 S.W.3d 1, 9-10 (Mo. Ct. App. 2013) (quoting *Mo. Consol. Health Care Plan v. Cmty. Health Plan*, 81 S.W.3d 34, 46 (Mo. Ct. App. 2002)). The Eighth Circuit recently held that under Missouri law, "a plaintiff properly pleads a breach of the implied covenant of good faith and fair dealing when he alleges the defendant's

action violated public policy or a statute." *Kmak v. Am. Century Cos., Inc.,* 754 F.3d 513, 517 (8th Cir. 2014).

In their motion, Defendants do not argue that Plaintiff did not have a contract with the City. They also do not argue that the facts alleged in the complaint—that the City suspended and discharged Plaintiff for reporting wrongdoing or violations of law—do not sufficiently allege that the City's termination of Plaintiff violated public policy. *See Fleshner*, 304 S.W.3d at 92 (discharging an at-will employee for "reporting wrongdoing or violations of law to superiors or public authorities" violates public policy). Defendants' sole argument is that Missouri law precludes an at-will employee from bringing a claim of breach of the implied covenant of good faith and fair dealing based on a termination of employment. For this argument, Defendants rely exclusively on two cases: *Bishop v. Shelter Mutual Insurance Co.*, 129 S.W.3d 500 (Mo. Ct. App. 2004), and *Newco Atlas, Inc., v. Park Range Constr., Inc.*, 272 S.W.3d 886 (Mo. Ct. App. 2008).

In *Bishop*, an at-will employee sued his former employer for breach of the implied covenant of good faith and fair dealing, arguing that his employment was terminated in bad faith or under false pretenses. *Bishop*, 129 S.W.3d at 502-03. He did not claim that he was discharged in violation of public policy. *Id.* at 506. The court acknowledged that although Missouri recognizes the implied covenant of good faith and fair dealing, "the implied covenant cannot be used to contradict or override the *express* employment terms contained in a contract, i.e., that an employee can be terminated for any cause." *Id.* Turning to the facts before it, the Court stated:

> On this record, [Defendant's] reason for terminating Plaintiff's terminable at-will agency contract, even if in bad faith or under false pretenses, is irrelevant since the termination did not violate a statute or public policy. Although Plaintiff claims that Defendant acted in bad faith in breaching many contract provisions, the entire basis of his cause of action is that he was wrongfully terminated. The employment at-will doctrine cannot be so easily subverted.

7

*Id.* at 506-07 (citations omitted) The Court concluded, "As a matter of Missouri law, [a cause of action for breach of the implied covenant of good faith and fair dealing] did not lie here **since [the plaintiff's] termination did not violate public policy or any statutory provision**." *Id.* at 507 (emphasis added).

In *Newco*, one party to an at-will distributorship alleged as a defense that the other party had breached the implied covenant of good faith and fair dealing by terminating the agreement for an improper purpose. 272 S.W.3d at 890. There was no allegation of a termination in violation of public policy. The court held that the defense was unavailable as a matter of law because of the at-will nature of the contract. *Id.* at 894. The court relied in part on cases involving termination of at-will employment agreements, noting that "[s]ince an at-will contract allows an employer to terminate an employee for no cause, or even bad cause, to impose a covenant of good faith and fair dealing would contradictorily alter an intrinsic function of the contract" and would "run[] counter to the nature of an at-will contract." *Id.*

*Bishop* and *Newco* are inapposite here, because the courts' reasoning in both cases depended on the *absence* of a termination in violation of public policy. The *Bishop* court's reasoning was that because Missouri law expressly gives employers the right to terminate employees for no cause or bad cause, the implied covenant could not impose a good-faith requirement that would override or subvert that express right. Indeed, the *Bishop* court emphasized several times in its decision that the case before it did not involve a discharge in violation of public policy, even noting that it was reaching its conclusion "since [the plaintiff's] termination did not violate public policy or any statutory provision." *Bishop*, 129 S.W.3d at 505-07. Similarly, in *Newco*, the court's reasoning was based on the fact that Missouri law generally

"allows" the termination of at-will employment contracts, which is not the case for a termination performed in violation of public policy. *See id.* at 893-94.

Because Missouri law does *not* allow employers to terminate at-will employees for reasons that violate public policy, the reasoning of *Bishop* and *Atlas* does not apply in this case. To permit a plaintiff terminated in violation of public policy to bring a breach of contract claim based on the implied covenant of good faith and fair dealing would not "subvert" Missouri's at-will doctrine, "run counter to the nature of an at-will contract," or override any of the employer's rights. Indeed, *Bishop* appears to imply that a claim for breach of the implied covenant may be appropriate in a case like the one here, which does involve a termination of employment in violation of public policy.

Consistent with this interpretation of *Bishop*, the Eighth Circuit recently relied on *Bishop* for the proposition that a plaintiff sufficiently pleads a breach of the implied covenant of good faith and fair dealing by alleging that a defendant's action violated public policy or a statute. *Kmak*, 754 F.3d at 517. Although *Kmak* was not an employment case, it is nevertheless instructive regarding how the implied covenant of good faith and fair dealing operates where an express contractual right is exercised in a way that violates public policy. In *Kmak*, the plaintiff had a stock purchase agreement with the defendant under which the defendant had the right to call shares for repurchase at any time. *Id.* at 515. The defendant called the shares for repurchase, allegedly in retaliation for the plaintiff giving testimony against the defendant in an arbitration proceeding. *Id.* at 516. The plaintiff sued the defendant for breach of the implied covenant of good faith and fair dealing under Missouri law. The defendant moved to dismiss the complaint, arguing that it could not be liable because it had an unqualified contractual right to recall the shares at any time. The district court dismissed the claim, and the Eighth Circuit reversed the

9

decision. *Id.* at 515. The Eighth Circuit noted that "[u]nder Missouri law, a plaintiff properly pleads a breach of the implied covenant of good faith and fair dealing when he alleges the defendant's action violated public policy or a statute." *Id.* at 517 (citing *Bishop*, 129 S.W.3d at 507). The court held that "[b]ecause Missouri's public policy required [the defendant] not to retaliate against [the plaintiff] for testifying in the arbitration proceeding, [the plaintiff] has alleged a breach of the implied covenant of good faith and fair dealing sufficient to withstand a Rule 12(b)(6) motion." *Id.* at 517. The Eighth Circuit found that although the defendant might have had the right to call the shares at any time, it did not have the right to do so if doing so would violate public policy. *Id.* It emphasized that its holding was limited to actions taken in violation of public policy and did not apply to actions taken merely "arbitrarily, vindictively, or contrary to [the plaintiff's] reasonable expectations about matters other than public policy." *Id.* at 518.

Reading *Bishop* and *Kmak* together, along with the Missouri Supreme Court's suggestion in *Kunzie* that a wrongful discharge claim in the context of an at-will employee discharged in violation of public policy "might be based on a contractual relationship," the Court predicts that the Missouri Supreme Court would permit an at-will employee who was discharged in violation of public policy to bring a cause of action for a breach of contract based on a breach of the implied covenant of good faith and fair dealing. Allowing this cause of action gives effect to the implied covenant of good faith and fair dealing that is present in every Missouri contract, while not permitting that implied covenant to override or subvert an employer's express right under Missouri law to terminate an employee for any reason that does *not* violate public policy. It also promotes the public policy interest of not permitting city employers "to discharge employees, without consequence, for doing that which is beneficial to society," *see Fleshner*, 304 S.W.3d at

10

92, while not interfering with the Missouri legislature's decision to protect cities from tort suits through the sovereign immunity statute.

For all of the above reasons, Plaintiff has adequately pleaded a claim for breach of contract against the City based on breach of the implied covenant of good faith and fair dealing. He alleges that he had an employment contract with the City and that the City breached that contract's implied covenant of good faith and fair dealing by terminating his employment in violation of public policy based on his reporting wrongdoing or violations of law to superiors or public authorities. Such allegations state a claim for breach of the implied covenant of good faith and fair dealing under Missouri law. *See Kmak*, 754 F.3d at 518; *Bishop*, 129 S.W.3d at 506-07.

**B. Plaintiff Has Not Stated a Claim for Breach of Contract Against Defendants Gibson and Perney in Count II**

Defendants also move to dismiss Plaintiff's breach of contract claim against Defendants Gibson and Perney on the ground that they were not Plaintiff's employers and could not have breached any contract with him because they were not parties to any contract with him. Plaintiff does not respond to this argument, and a review of the Second Amended Complaint shows that Plaintiff alleges only that he had an employment contract with the City, not with Defendants Perney and Gibson. A breach of contract claim requires the existence of a contract. *See Keveney v. Missouri Military Academy*, 304 S.W.3d 98, 104 (Mo. 2010). Because Plaintiff has alleged no contract existing between himself and Defendants Gibson and Perney, the Court will grant the motion to dismiss Count II as to Defendants Perney and Gibson.

Plaintiff suggests in his response that he is actually alleging that Defendants Perney and Gibson conspired to commit a tort or conspired to breach Plaintiff's contract. However, Count II is entitled "Breach of Contract" and contains no mention of any conspiracy claim. In his brief, Plaintiff also makes no attempt to state what the elements of this new claim are or what factual

11

allegations in his Second Amended Complaint would satisfy those elements. Plaintiff requests that the Court permit him to amend his pleading yet again to include a civil conspiracy claim. However, the time for amendment of pleadings expired well before Plaintiff made this request (Docs. 23 & 41), so Plaintiff must show good cause for the court to permit him to amend his complaint. Fed. R. Civ. P. 16(b)(4). Plaintiff offers no argument in support of permitting him to amend his complaint to add a completely new claim at this late date. His request to amend his complaint is denied.

### IV. CONCLUSION

For all of the above reasons, Plaintiff has adequately pleaded a breach of contract claim in Count II in against Defendant City of Byrnes Mill. However, he has failed to establish a breach of contract claim against Defendant Susan Gibson or Defendant Larry Perney. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Count II (Doc. 32) is **GRANTED IN PART AND DENIED IN PART.** With regard to Plaintiff's claims against Defendant Susan Gibson and Defendant Larry Perney, the motion is **GRANTED**. With regard to Plaintiff's claim against Defendant City of Byrnes Mill, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims for breach of contract against Defendant Susan Gibson and Defendant Larry Perney are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for leave to amend his complaint is **DENIED**.

/s/Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of August, 2015.